UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

In re: Marsh Hawk Golf Club, LLC,          Case Number 10-50632
                                           Chapter 11
         Debtor.


In re: Ford's Colony Country Club, Inc.,   Case Number 10-50633
                                           Chapter 11

         Debtor.


## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

NOW COME Marsh Hawk Golf Club, LLC ("Marsh Hawk") and Ford's Colony Country Club, Inc. ("FCCC" and collectively with Marsh Hawk, the "Debtors"), by their proposed counsel, and move the Court for entry of an order authorizing the Debtors to use cash collateral, upon the terms outlined in this motion (the "Motoin"). In support thereof, the Debtors state as follows:

1. On April 1, 2010 (the "Petition Date"), FCCC and Marsh Hawk each filed a petition for relief under chapter 11 of title 11 of the United States Code. An order for relief was entered on that date.

2. The Debtors anticipate filing a Motion for Joint Administration in the Debtors' cases. This Motion is filed in both cases.

Ross C. Reeves (VSB Number 13628)
Laura C. Pyle (VSB Number 73338)
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
757-628-5500 (T)
757-628-5566 (F)
*Proposed Counsel for the Debtors*
I-936695.2

3. The Debtors serve as Debtors-in-Possession, and have all of the powers and duties of a trustee pursuant to § 1107(a) of the Bankruptcy Code. No trustee or examiner has been appointed.

4. Included among the powers of a trustee is the power to seek this Court's approval for authority to use cash collateral pursuant to 11 U.S.C. § 363(c).

5. The purpose of this Motion is to obtain this Court's approval for the Debtors' use of cash collateral pursuant to 11 U.S.C. § 363(c) and Federal Rule of Bankruptcy Procedure 4001(b). As shown more particularly below, the Debtors own and operate a golf and country club in Williamsburg, Virginia. Without the relief sought in this Motion, the Debtors believe they will be required to cease operations, which would adversely impact the going concern value of the businesses of the Debtors. The members of the club are the main source of revenue for the Debtors, and without services befitting a first-rate club, these members will, in all likelihood, cease their patronage of the Debtors' businesses.

6. This is a contested matter pursuant to Bankruptcy Rule 9014. This contested matter arises in a case under Title 11. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (M).

**General Background**

7. "Ford's Colony" is one of two planned unit, golf resort, and residential communities in Williamsburg, Virginia developed by Realtec Incorporated ("Realtec").

8. Debtor FCCC was created to own and operate the Ford's Colony golf courses, country club and amenities in Williamsburg, Virginia.

    a. FCCC is owned by members of the Richard J. Ford family.

b. Debtor Marsh Hawk is a limited liability company, the sole member of which is Marsh Hawk Holding, LLC. Marsh Hawk Holding, LLC is a limited liability company, the sole member of which is FCCC.

9. Marsh Hawk owns the assets comprising the Ford's Colony golf courses in Williamsburg. FCCC manages the golf courses for Marsh Hawk under a Management Agreement for a fee of $5,000 per year.

10. Ford's Colony golf courses are an amenity for a gated community which includes a superior choice of home styles and neighborhoods, 24-hour security, and a wide range of amenities known collectively as "Ford's Colony" or "Ford's Colony Williamsburg." Ford's Colony Williamsburg has been voted the number one master-planned community in America and has prided itself on setting the standard for relaxed and gracious living. It has garnered numerous environmental awards.

## Background Information as to the Debtors

11. The Ford's Colony golf course and country club, which are owned and operated by the Debtors, have been an important component to the success of Ford's Colony Williamsburg. They serve over 1,000 club members and employ, on average, 100 full time and part employees in the operation of the business. Ford's Colony includes the three Dan Maples championship golf courses operated by FCCC for Marsh Hawk and its country club includes a dining facility which has repeatedly received the AAA Five Diamond award

12. FCCC is a North Carolina corporation with its principal place of business at 240 Ford's Colony Drive, Williamsburg, Virginia. FCCC operates the three 18-hole golf courses, the golf academy, the clubhouse and the maintenance facilities adjoining and serving the residential community known as Ford's Colony Country Club (the "Country Club").

13. A majority of the club members who enjoy the rights to the Country Club pay dues under contracts with FCCC.  Members typically pay dues owed to FCCC and charges for services by Marsh Hawk by single check to the order of "Ford's Colony Country Club."  These amounts are billed and collected by FCCC and deposited by FCCC into an account in the name of Marsh Hawk.

14. Marsh Hawk is a Delaware limited liability corporation.  In 2006, as part of a financing with Textron Financial Corporation ("Textron"), Marsh Hawk acquired from FCCC the real property which comprises the Country Club and additionally acquired certain of the personal property associated with the Country Club.  This financing (the "Loan") is evidenced by that certain Promissory Note dated December 26, 2006 in the original principal amount of $18,000,000.00, as amended by that certain First Amendment to Promissory Note dated as of June 1, 2007 (collectively, the "Note").

### Debt Structure of the Debtors

15. Based upon the representations by its counsel, Prudential is the assignee of a majority interest of the Loan to Marsh Hawk.  The Note was originally payable to Textron, but Prudential has indicated that a majority interest in the underlying loan was subsequently assigned in whole or in part by Textron to Prudential.  No evidence of the assignment has been provided to the Debtors.

16. In addition to the obligations under the Note, Marsh Hawk owes approximately $400,000 in unsecured trade debt, which is due and payable and typically is paid in the ordinary course of its business, and approximately $250,000 in equipment leases with various entities.

17. FCCC is a non-recourse guarantor of the obligations of Marsh Hawk to Prudential under the Note and related loan documents, having executed that certain Non-Recourse Guaranty dated as of December 26, 2006 (the "Non-Recourse Guaranty"). Richard Ford executed a limited guarantee of the Note as well.

18. FCCC's records reflect obligations of approximately $400,000 to former members of the Country Club pursuant to refundable portions of the membership fees paid by certain of its members. (Potential obligations for refunds to present members who retire total over $4.0 million.) FCCC has nominal trade debt and owes approximately $85,000 in equipment leases with various entities. FCCC owes approximately $8.0 million to insiders or affiliates.

**Parties with Interest in Cash Collateral**

19. It is unclear at this point in the case the extent to which Prudential has an interest in cash collateral. The Debtors believe it has a security interest in the accounts and inventory of Marsh Hawk but not the accounts of FCCC.

20. In addition, certain cash collateral is or will be generated by post-petition services.

21. Pursuant to certain loan and security agreements and related documents, including, without limitation: (i) that certain Deed of Trust, Security Agreement and Fixture Filing made by Marsh Hawk and recorded in the real property records of James City County, Virginia as Instrument No. 060031479 (the "Deed of Trust"), (ii) that certain Assignment of Leases, Rent and Contracts made by Marsh Hawk, as assignor, and recorded in the real property records of James City County, Virginia as Instrument No. 060031480 (the "Assignment"), (iii) that certain Security Agreement (Liquor License), dated December 26, 2006 executed by FCCC (the "Liquor License Security Agreement"), and (iv) that certain Security Agreement, dated December 26, 2006 executed by Marsh Hawk, the Note appears to be secured by substantially

all of the real and personal property of Marsh Hawk, including the three 18-hole golf courses (commonly known as Marsh Hawk, Blue Heron, and Blackheath), a golf academy and the related improvements owned by Marsh Hawk (the "Marsh Hawk Collateral"). FCCC appears to have granted limited collateral to Prudential to secure the Note (the "FCCC Collateral").

22. The Debtors accordingly believe that, based upon the extent and nature of the Marsh Hawk Collateral, Prudential may have a lien upon all or some of the proceeds generated by FCCC and Marsh Hawk in the operation of the Country Club (the "Cash Collateral").

23. The Debtors shall diligently analyze the validity, extent and priority of any alleged interests secured by the property and assets of the Debtors, including any cash collateral.

**Cause of Bankruptcy Filing**

24. The Debtors' cash flow, during the past 12 months, suffered declines due to the general economic conditions surrounding real estate and membership sales. In late 2008 and early 2009, the Debtors missed several months of debt service payments to Prudential. The parties were able to reach an agreement providing the Debtors a period of time to cure those missed payments. The Debtors were able to comply with that agreement and were then able to continue debt service payments until December 2009.

25. In December 2009, the Debtors again experienced a cash flow shortage so that they were not able to make the debt service payments to Prudential. Prudential was unwilling to defer the payments to a later date and despite the parties efforts to reach a compromise, Prudential moved for the appointment of a receiver.

26. The Debtors did not contest the appointment of the receiver and an order was entered by the Circuit Court for the City of Williamsburg appointing a receiver effective April

2, 2010, subject to the effect of the automatic stay in the event of bankruptcy filings by the Debtors.

27. The Debtors are optimistic that the parties will be able to agree upon a plan that enables the Debtors to expeditiously emerge from bankruptcy with a healthier golf club operation.

### Requested Relief:  Use of Cash Collateral

28. The Debtors intend and desire to operate their businesses in the ordinary course during the case.

29. The Debtors must utilize Cash Collateral and continue current cash management practices in order to efficiently and effectively maintain the value of the Marsh Hawk Collateral and operate their businesses for the benefit of their creditors.  In this regard, it is critical that the employees of the Debtors have uninterrupted payment of their wages.

30. In accordance with 11 U.S.C. § 363(c)(2)(B), the Debtors request that this Court authorize and approve its use of Cash Collateral for the payment of their joint operating expenses as set forth in the budget attached hereto as **Exhibit 1** (the "Budget").

31. If the Debtors are not authorized to use Cash Collateral in the manner requested herein, the Debtors believe they will be unable to effectively reorganize and will lose the going concern value of their businesses.  Without such use of Cash Collateral, the Debtor will be seriously and irreparably harmed, resulting in significant losses to its estate and its creditors, as well as the members of the golf club.

32. The Debtors propose to condition use of Cash Collateral on Prudential being granted replacement liens, pursuant to and in accordance with 11 U.S.C. § 361(2), to the same extent, validity and priority as the pre-petition liens in favor of Prudential.

33. The Debtors are without enough unencumbered funds to operate until a final hearing on this Motion can be held. The Debtors require the immediate use of Cash Collateral for payment of operating expenses substantially in accordance with the Budget.

34. Included as part of the Budget are certain pre-petition obligations owed by the Debtors for wages to their employees. The Debtors' payroll on Friday, April 2, 2010, for the two week period ending March 24, 2010, is in the hands of a payroll company by reason of a regular April 1, 2010 cash sweep that could not be interrupted following the filing of the petition after the close of business on April 1, 2010. The Debtors believe that they may have been short approximately $7,000 to the payroll service and seek authority to cover the $7,000 shortage to maintain employee morale and prevent accumulation of priority tax and wage claims.

35. The Debtors request that the Court, as part of the use of Cash Collateral, authorize the payment of these pre-petition amounts due for wages reflected in the attached Budget. The Debtors believe that they will be irreparably harmed if these pre-petition wages are not paid in the ordinary course of their businesses.

WHEREFORE Marsh Hawk Golf Club, LLC and Ford's Colony Country Club, Inc. respectfully request the following relief:

(a) That this Honorable Court (i) conduct a preliminary hearing pursuant to 11 U.S.C. § 363(c)(3) and Bankruptcy Rule 4001(b)(2) as soon as practicable, but no later than Monday, April 5, 2010; (ii) enter an Interim Cash Collateral Order authorizing the Debtors to use Cash Collateral substantially in the manner set out in Exhibit 1; and (iii) set this matter down for final hearing on or after May 1, 2010, for continuance of the Interim Cash Collateral Order based on a long-term budget;

(b) That this Honorable Court authorize the Debtors to use the Cash Collateral to pay pre-petition wages and accompanying taxes owed to the individuals employed by the Debtors;

(c) That, after a final hearing on this Motion, this Honorable Court enter an Order, pursuant to 11 U.S.C. § 363(c)(2)(B), authorizing it to use Cash Collateral for the duration of the approved long-term budget, without prejudice to any motion filed by a party in interest;

(d) That the Debtors send notice of the entry of the Interim Cash Collateral Order, and of the final hearing hereon, to the persons and within the time prescribed by the Federal Rules of Bankruptcy Procedure; and

(e) That this Honorable Court grant the Debtors such further relief as it deems to be equitable, just, and proper.

        Respectfully submitted,

        MARSH HAWK GOLF CLUB, LLC and
        FORD'S COLONY COUNTRY CLUB, INC.

        By: _____/s/ Ross C. Reeves_____
                          Of Counsel

Ross C. Reeves (VSB Number 13628)
Laura C. Pyle (VSB Number 73338)
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
757-628-5500 (T)
757-628-5566 (F)
*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, a true copy of the foregoing Motion for Authority to Use Cash Collateral was served by electronic mail on the following parties:

>Debera F. Conlon, Esquire
>debera.f.conlon@usdoj.gov
>*Office of the United States Trustee*
>
>Grant T. Stein, Esquire
>grant.stein@alston.com
>*Counsel for Prudential*
>
>Daniel R. Quarles, Esquire
>daniel.quarles@leclairryan.com
>*Counsel for Prudential*

>*/s/ Ross C. Reeves*
>Ross C. Reeves