UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

In re:

Marsh Hawk Golf Club, LLC,               Case Number 10-50632
                                          Chapter 11
        Debtors in Possession.           Jointly Administered


STIPULATION AND ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY

This case is before the Court on Prudential Industrial Properties, LLC's Motion for Relief from the Automatic Stay and for Other Relief (ECF No. 121) filed against Marsh Hawk Golf Club, LLC ("Marsh Hawk"), and the Court having heard evidence and argument in the case on November 17, 2010, and January 18 and February 1, 2011;

NOW THEREFORE, based on the consent of the Debtor and the representations made to the Court on the record at the ~~March 31~~ April 7, 2011 continued hearing on Prudential's Motion for Relief from the Automatic Stay, and in accordance with Bankruptcy Rule 4001(d)(4), the Court finding that notice is adequate under the circumstances and that no further notice is required, it is hereby

ORDERED that the Motion for Relief from Stay is granted; and it is further

ORDERED that Prudential shall forbear from the exercise of its rights and remedies as a secured lender under its contracts and applicable law until May 16, 2011, and that at the time of the exercise of such remedies, Ford's Colony Country Club, Inc. ("Ford's Colony") shall fully cooperate with Prudential and any Receiver that may be

13182119v.2

appointed to facilitate the foreclosure by Prudential and the operation of Prudential's collateral pending and after the foreclosure, and will not oppose the entry of an order granting relief from the automatic stay against it; and it is further

ORDERED that the relief granted herein is in furtherance of the provisions of a compromise and settlement, attached as Exhibit 1, and announced to the Court at the April 7, 2011 hearing, which compromise and settlement is to be incorporated into an amended Plan to be filed by the Creditors' Committee and Prudential; and it is further

ORDERED that the Joint Plan of Reorganization (ECF No. 277) and Disclosure Statement (ECF No. 327) are hereby deemed to be withdrawn and Marsh Hawk and Ford's Colony agree not to file another plan or disclosure statement; and it is further

ORDERED that in the event the amended Plan filed by the Creditors' Committee and Prudential is not confirmed on or before May 3, 2011, and if thereafter in accordance with the authorizations in this order Prudential forecloses on its collateral, then the [ ] with which the Committee, the Debtors, and the other parties to the economic terms of the amended Plan shall be honored and implemented by Prudential Term Sheet shall co-operate and it is further

ORDERED that the Debtors waive the right to seek any relief under 11 U.S.C. § 105 or other applicable law to request or obtain reimposition of the automatic stay or to oppose the exercise of any remedies by Prudential as a lender; and it is further

ORDERED that time is of the essence under this Order.

Entered in Norfolk in the Division aforesaid this 7th day of April, 2011.

/s/ United States Bankruptcy Judge

Stipulated and agreed to by:

NOTICE OF [illegible]
Entered [illegible]
4-7-2011

_____
Ross C. Reeves (VSB No. 13628)
Stephanie N. Gilbert (VSB No. 77140)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
757-628-5500 (T)
757-628-5566 (F)
*Counsel for Marsh Hawk Country Club, LLC
  and Ford's Colony Country Club, Inc.*


_____
Christian K. Vogel, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
*Counsel for Prudential Industrial Properties, LLC*


_____
Grant T. Stein, Esquire
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
*Counsel for Prudential Industrial Properties, LLC*


_____
John D. McIntyre, Esquire
Wilson & McIntyre, PLLC
500 East Main Street, Suite 920
Norfolk, Virginia 23510
*Counsel for Official Committee of Unsecured Creditors*

9

13182119v.2

Seen:

_____
Kenneth N. Whitehurst, III, Esquire
Office of the U.S. Trustee
200 Granby Street, 625 Federal Building
Norfolk, Virginia 23510

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order has been endorsed by or served upon all necessary parties in accordance with Local Rule 9022-1.

_____
Ross C. Reeves

10

13182119v.2

# Letter of Intent

Parties:   Prudential Industrial Properties, LLC ("Prudential")

Ford's Colony Country Club, Inc. ("FCCC")

Marsh Hawk Golf Club, LLC ("Marsh Hawk")

Official Committee of Unsecured Creditors of Ford's Colony Country Club, Inc. and Marsh Hawk Golf Club, LLC (the "Committee")

Affiliates and insiders including but not limited to Realtec, Inc., Richard Ford, Sr., Southern Holding Associates, Estate of Richard Ford, Brian Ford, Mike Tiernan, Steve Dreybus, Ford's Colony First Choice Realty, Inc., and Dorothea Ford (collectively the "Affiliates").

The Parties, as identified above, agree upon the following conditions and provisions all of which will be incorporated into the Plans filed by Prudential and the Committee (the "Modified Plans") with no other changes being anticipated to the terms of said plans:

1. **Allowance of Claims in FCCC:** The claims of Southern Holdings ($2,567,116), Brian Ford ($575,033), Estate of Richard Ford ($728,481), SunTrust Bank (assigned to RCS Holding)($250,000) and Ford's Colony First Choice Realty, Inc. ($10,213) shall be allowed in the FCCC bankruptcy case and any objection thereto shall be waived by the estate, Prudential and all creditors and parties in interest. The Claims of Richard Ford Sr. ($2,970,782) and Realtec ($418,723) against FCCC shall be disallowed. Scheduled claims of Affiliates in Marsh Hawk shall be allowed in the amounts set forth on the schedules of Marsh Hawk.

2. **Releases**: The Estates and Prudential shall release all claims through the Effective Date of the Plan, whether known or unknown, against all Affiliates and officers, directors, affiliates, or shareholders of FCCC and/or Marsh Hawk. All Affiliates and officers, directors, affiliates, or shareholders of FCCC and/or Marsh Hawk shall release all claims through the Effective Date of the Plan, whether known or unknown, against the Estates, the Committee and its members, the CCMA and its members, and Prudential, and their respective officers, directors, members, managers, affiliates, employees, representatives, retained experts, and attorneys, and the persons signing this term sheet represent that they have the authority to provide such releases on behalf of and to obligate such persons, exclusive of the allowed claims set forth in paragraph 1, above.

3. **Administrative Expenses Paid:** The Plan shall continue to provide for the payment of all allowed administrative fees to professionals employed by the Estates. Nothing herein prohibits Prudential or any other party in interest from objecting to the claims filed by professionals.

13182119v.2

4. **Timing** – The parties shall coordinate to obtain confirmation of the Modified Plan on or before May 3, 2011. The Debtors shall file a motion within three business days of the date of execution of this Letter of Intent to appoint a management company of Prudential's choice to manage the operations of the Debtor as of May 3, 2011, to which all parties to this Letter of Intent shall consent. In the event that the Modified Plan is unable to be confirmed and become effective on or before May 3, 2011, the new management company may shall take over operations of the Debtor on that date or may have senior management work with the Debtors' existing property management and employees pending the effective date or the date of a foreclosure, it being the intent of the parties to begin the process of management transition to ensure a smooth transition of operations. The parties agree that for purposes of making distributions under the FCCC plan, the "cash on hand" shall be established as of May 3, 2011 even if the Modified Plan cannot be confirmed until the confirmation hearing on May 17, 2011. Revenue shall be allocated to the period in which it is earned for purposes of calculating "cash on hand" as of May 3, 2011. Revenues earned for time periods after May 3, 2011, shall be turned over to Prudential. No efforts to obtain any prepayment of dues or other revenues shall be undertaken by the Debtors.

5. **Relief from Stay/Withdrawal of Debtors' Joint Plan** – The parties shall submit an order substantially in the form of Exhibit A attached hereto the Bankruptcy Court for entry on April 7, 2011. In the event that the Modified Plans are not confirmed (for whatever reason), after Prudential forecloses on the collateral it holds against Marsh Hawk and Ford's Colony, the parties will honor the financial provisions set forth in this Agreement and the plans and shall coordinate in structuring the financial transaction so that the financial provisions set forth herein are implemented outside of a plan context to the fullest extent possible. Prudential shall take no steps to foreclose upon its collateral unless the Modified Plan is not confirmed by the Bankruptcy Court on or before May 17, 2011. Marsh Hawk and Ford's Colony will withdraw their Joint Plan on the record at any status conference convened by the Court, and in writing no later than April 7, 2011, and it shall therefore not be sent to creditors and parties in interest.

6. **Memberships** – The parties agree that FRH, LLC ("FRH") shall retain 40 full – golf memberships which will be perpetual and survive the 75 day option period established for membership in the current joint plan of Prudential and the Committee. FRH may not sell more than 25 of the memberships within the 24 month period following the Effective Date of the Plan. The parties agree that the memberships may be sold in bulk and that any sale to a member-user will be subject to standards and conditions established, from time to time, by the owner of the Country Club and implemented for the approval of all new members to the Club. The 40 memberships shall be subject to being approved by the owner of the New Club, based on standards developed in consultation with the CCMA, which shall be applied equally to memberships that may be sold by FRH or that are not

2

sold by FRH. In approving the membership, the New Club may not encourage or solicit, at the time it is approving membership, the prospective member to acquire a membership from any other party other than FRH.

7. **Furniture / artwork** – FCCC and/or Marsh Hawk shall allow Dorothea Ford and FRH to remove the artwork and furniture set forth on the attached list at their expense, subject to examination of such furniture and artwork by persons selected by Prudential which examination shall take place on April 6, 2011. The actual removal will take place in a coordinated manner with 2 weeks and no later than three weeks after the Effective Date of the Modified Plan, except as may otherwise be agreed to in advance in writing. If the subject property is not removed, then Prudential may have it removed and stored at the expense of Mrs. Ford and First Choice.

8. **Severance/Consulting fee** – Prudential agrees to pay, on the Effective Date, $100,000 to persons designated by the Affiliates. FCCC agrees to pay $100,000 to persons designated by the Affiliates from the initial proceeds received from the pending lawsuits of FCCC, excluding the proceeds from the tax payment refund suit which is a suit brought by Marsh Hawk and which constitutes Prudential's collateral. Prudential shall increase the Supplemental Contribution by an additional $50,000. The $150,000 of additional funds contributed by Prudential hereunder shall not be added to any loan for the payment of administrative expenses in either the Marsh Hawk or the FCCC case.

9. **Lifetime Memberships with no dues or minimums to five owner/executives of First Choice.** Mike Tiernan, Steve Dreybus, Richard Ford, Sr., Brian Ford and Drew Mulhare shall be entitled to lifetime memberships to the Club, which shall survive any transfer or sale of the Club, without the payment of dues or minimums. These memberships are not transferable and except as set forth above, the members shall conform to all applicable rules, standards of conduct, etc. governing other members of the Club.

10. **Affiliates** – On or before the Effective Date of the Plan, the Committee, and if desired the Affiliates, shall complete a valuation of FCCC's interest in Ford's Colony First Choice Realty, Inc. and Ford's Colony Holdings, LLC. If the parties disagree with the results of the valuations, then they shall agree upon a third valuation expert who shall conduct a final valuation which shall be binding. The Affiliates or their assignee shall have the right after completion of the valuation, but no later than 15 days from the Effective Date to purchase FCCC's interest in these companies for an amount equal to the valuation. FCCC shall convey the interests upon payment of the valuation amount. The valuation reports and the information utilized in preparing the valuations shall be kept confidential by the parties and the person completing the valuations report.

11. **Support of Modified Plan and Assistance with Transition:** The insiders and Affiliates agree to support the Modified Plans and reasonably assist and facilitate

3

13182119v.2

the transition to new management and to take no steps to interfere with approval of or consummation of the Plans. Nothing herein requires any party to compensate the insiders and affiliates for such assistance, unless continued employment of insiders and affiliates is necessary to facilitate the transfer of management described in paragraph 4.

12. **Miscellaneous.** The laws in the State of Virginia shall govern this Settlement Agreement. *Any disagreement as to the enforcement or implementation of this Agreement* shall be resolved in the United States Bankruptcy Court for the Eastern District of Virginia, Newport News Division.

SIGNATURES BEGIN ON THE NEXT PAGE

4

13182119v.2

PRUDENTIAL INDUSTRIAL PROPERTIES, LLC


By:_____
    Name:
    Title:

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF FCCC AND MARSH HAWK


By:_____
    Name:
    Title:

FORD'S COLONY COUNTRY CLUB, INC.


By: _____
    Name:
    Title:


MARSH HAWK GOLF CLUB, LLC

By: _____
    Name:
    Title:

REALTEC, INC.

By: _____
    Name:
    Title:

FORD'S COLONY FIRST CHOICE REALTY, INC.


By: _____
    Name:
    Title:



_____
Richard Ford, Sr.



_____
Estate of Richard Ford



_____
Brian Ford




_____
Mike Tiernan




_____
Steve Dreybus




_____
Dorothea Ford

6

13182119v.2